Adam J. Levitt*
*alevitt@gelaw.com*
Edmund S. Aronowitz*
*earonowitz@gelaw.com*
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Tel: 312-214-0000
Fax: 312-214-0001

Joseph J. Siprut*
*jsiprut@siprut.com*
Aleksandra M.S. Vold*
*avold@siprut.com*
Gregg M. Barbakoff*
*gbarbakoff@siprut.com*
**SIPRUT PC**
17 North State Street, Suite 1600
Chicago, Illinois 60602
Tel: 312-236-0000
Fax: 312-948-9212

Todd C. Atkins
*tatkins@siprut.com*
**SIPRUT PC**
701 B Street, Suite 1170
San Diego, California 92101
Tel: 619-255-2380

* *Pro Hac Vice* application to be submitted

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAU HODGES, on behalf of himself and all others similarly situated, | Case No. 13 1128 LB |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| APPLE INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

ORIGINAL

1    Plaintiff Beau Hodges ("Plaintiff" or "Hodges") brings this class action complaint against

2    Defendant Apple Inc. ("Apple"), on behalf of himself and all others similarly situated, and

3    complains and alleges upon personal knowledge as to himself and his own acts and experiences,

4    and, as to all other matters, upon information and belief, including investigation conducted by his

5    attorneys.

6                              **I.    NATURE OF THE ACTION**

7    1.    When Apple introduced the MacBook Pro with Retina Display (colloquially

8    known as a retina MacBook Pro and hereinafter, "rMBP") in June 2012, it heralded the product

9    as providing the highest-quality computer display on the market. Indeed, Apple's advertising

10   and marketing campaign for the rMBP focused almost exclusively on the advanced capabilities

11   of its display.

12   2.    What Apple failed to tell consumers, however, is that it uses two distinctly

13   different Liquid Crystal Display ("LCD") screens to house the Retina Display technology in the

14   rMBP. One of those LCD screens has exhibited a far higher susceptibility to serious performance

15   flaws and produces lower brightness levels and color accuracy than the other (better) version.

16   3.    Thus, while every consumer that purchased an rMBP justifiably expected to

17   receive a product commensurate with Apple's representations, only some did. Accordingly, as a

18   result of Apple's conduct, Plaintiff seeks relief on behalf of himself and all others similarly

19   situated (the "Class," as defined below), for breach of contract, violations of the California

20   Consumer Legal Remedies Act, Cal. Civ. Code §§1750, *et seq.*, and violations of the California

21   Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq.*

22                          **II.    JURISDICTION AND VENUE**

23   4.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). In the

24   aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000

25   exclusive of interests and costs, and there are numerous class members who are citizens of states

26   other than the State of California, Apple's state of citizenship.

27   5.    Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(1), (2),

28

1  and 1391(c), because Apple is deemed to reside in this District because it is subject to personal

2  jurisdiction here; a substantial part of the events giving rise to the claims emanated from

3  activities within this District; and Apple conducts substantial business in this District.

### III.  PARTIES

*Plaintiff*

6.  Beau Hodges is a natural person and a citizen of the State of Texas.

7.  On June 22, 2012, Plaintiff purchased an rMBP through Apple's online store for $2,179, plus applicable taxes. Approximately one month later, after receiving the rMBP, Plaintiff noticed that his rMBP began exhibiting the image retention problems described herein. Plaintiff subsequently discovered that he had received the LG version of the rMBP, rather than the Samsung version.

*Defendant*

8.  Apple is a California Corporation with its headquarters and principal place of business in Cupertino, California. Apple is the designer and manufacturer of MacBook Pro with Retina Display ("rMBPs").

9.  All critical decisions made with respect to rMBPs, including all decisions concerning the marketing and advertisement of such, were made by Apple employees located in California. Through its advertising and marketing, Apple has sold its rMBPs to consumers throughout the country.

### IV.  FACTUAL BACKGROUND

*Retina Displays*

10.  For years, Apple has been regarded as a trailblazer in the field of portable electronics. Consistent with this reputation, Apple aroused great interest when it announced in 2010 that the newest version of the iPhone would contain a revolutionary new feature known as "Retina Display."

11.  Significantly, the term "Retina Display" has nothing to do with the type of technology used by the display. Just like the prior version of the iPhone, the Retina Display

1  iPhone uses an LCD screen for its display.

2      12.    The distinguishing feature of Retina Display technology is its high levels of pixel

3  density.

4      13.    The term "pixel" refers to the smallest basic unit of programmable color in digital

5  images. When grouped together, these tiny dots form the images on displayed on digital screens.

6      14.    A greater amount of pixels in a single image – *e.g.* higher pixel density – means

7  that more detail can be seen with the naked eye.  Pixel density is often described in terms of

8  pixels per inch on a fixed image, or "PPI."

9      15.    The idea behind Retina Display technology is to increase the levels of PPI to the

10  point where the human eye is incapable of distinguishing between individuals pixels at typical

11  viewing distances.[1]  As one commentator notes, this means "that images shown on the display

12  appear as smooth, continuous tones akin to a high-quality printed page, rather than a grid of

13  colored dots."[2]

14      16.    Although Apple continued to include Retina Displays in subsequent versions of

15  the iPhone, it then incorporated Retina Displays into the newest iteration of its tablet computer,

16  the iPad 3.

17      17.    The iPad 3's Retina Display generated a significant amount of buzz among tech-

18  savvy consumers.  Indeed, the name for this technology transformed into a powerful marketing

19  hook for Apple.  In a relatively short amount of time, as detailed below, the term "Retina

20  Display" became synonymous with the highest quality display on the market.

21  *Apple Introduces Retina Display Macbooks*

22      18.    It was thus with great fanfare that Apple unveiled its newest laptop on June 12,

23  2012: the MacBook Pros with Retina Display ("rMBP").

24      19.    Although rMBPs boast a wide variety of technical improvements over the prior

25  

26  [1] Geoff Duncan, *Zooming in on Apple's high-density Retina displays*, DIGITAL TRENDS, May 15, 2012, http://www.digitaltrends.com/mobile/zooming-in-on-apples-high-density-retina-displays/.

27  [2] *Id.*

28  
CLASS ACTION COMPLAINT

-4-

1 models of MacBook Pros, Apple's advertising campaign focused almost exclusively on the
2 quality of images produced by its Retina Displays. Touting the rMBP as "a whole new vision for
3 the notebook," Apple boasts that the computer features "the world's highest resolution notebook
4 display."[3]

5     20.    Apple's website is replete with various representations boasting of the rMBPs
6 superior picture quality, such as:

7       &bull;   You've never seen anything like it because there's never been anything like it."[4]

8
9       &bull;   We wanted this MacBook Pro to have a screen as vivid as your imagination. A
screen where everything you see is remarkably vibrant, detailed, and sharp. What
we created was the world's highest-resolution notebook display — and our most
10           jaw-dropping Retina display yet.[5]

11       &bull;   When you pack over 5 million pixels into a 15.4-inch display, the results are
positively stunning. The pixel density is so high, your eyes can't discern
12           individual pixels. Images take on a new level of realism and text is pin sharp. And
with a 2880-by-1800 resolution, you can see more of your high-resolution images
13           onscreen with pixel-for-pixel accuracy. So your best ideas can become your best
14           work.[6]

15       &bull;   The new Retina display reduces glare while maintaining incredible color and
quality. In fact, it has a 29 percent higher contrast ratio than a standard MacBook
16           Pro display. Blacks are blacker. Whites are whiter. And everything in between is
rich and vibrant. IPS technology gives you a wide, 178-degree view of everything
17           on the screen, so you'll see the difference at practically any angle. And you're
18           going to love what you see.[7]

19     21.    Unsurprisingly, the "world's highest-resolution notebook display" comes with a
20 hefty price tag. The entry-level rMBP retails for approximately \$2,200, while the top-of-the-line
21 model, which sports a faster processor and more internal memory, retails for approximately
22 \$2,799.

23

24 [3] http://www.apple.com/macbook-pro/ (last visited February 7, 2013).

25 [4] http://www.apple.com/macbook-pro/features/ (last visited February 7, 2013).

[5] *Id.*
26 [6] *Id.*
27 [7] *Id.*

28
CLASS ACTION COMPLAINT

-5-

22.     Apple deliberately targeted its marketing effort at consumers who desire the absolute highest quality computer displays.

23.     Along the same lines, Apple's website describes various ways in which rMBPs will benefit certain professions[8]:

## PHOTOGRAPHY

At 5.1 million pixels, the Retina display is the perfect place to view and edit your high-resolution photos. Dot for dot, more of your image can fit on the screen – which makes editing photos far more precise. And with four times the number of pixels than a standard 15-inch MacBook Pro display, you can see fine details and textures like never before. In fact, the Retina display is so sharp, you can tell which photos are in focus just by looking at the thumbnails.

*     *     *

## VIDEO EDITING

Having four times the pixels of a traditional display changes how you edit video on a notebook. Especially in Final Cut Pro X. For the first time on a portable computer, you can view your video in pixel-accurate 1080p HD and see your editing workspace onscreen at the same time. And video is so sharp, so clear, and so lifelike, your shots may look even better than you remember.

*     *     *

## DESIGN AND LAYOUT

The all-new MacBook Pro is the ultimate creative design studio. With 2880 by 1800 pixels, the resolution of the Retina display is so high, it rivals the printed page. Combined with reduced glare, higher contrast, and a 178-degree viewing angle, this Retina display is the ideal place to see your work. High-performance graphics and processors let you render images and apply filters with incredible speed. And thanks to flash storage and superfast 1600MHz memory, you can access and edit large-format files much faster than on a traditional notebook.

*     *     *

---

[8] http://www.apple.com/macbook-pro/performance-retina/ (last visited February 7, 2013).

## SCIENE AND ENGINEERING

> The latest quad-core processors and up to 16GB of 1600MHz memory provide an enormous amount of computational power. And the latest GPU technology and the high-resolution Retina display allow you to visualize your data like never before. From 3D molecular modeling and DNA imaging to architectural renderings and structural analysis, the all-new MacBook Pro lets you do things that once were possible only on a desktop computer – anywhere the job takes you.

### *Apple Sells an Inferior Version of the rMBP*

24. What Apple fails to tell consumers, however, is that there are actually *two* versions of the rMBP. Specifically, Apple uses two different manufacturers for the LCD screens that house its high-density Retina Displays: Samsung and LG.

25. The distinction between the rMBPs that include LG-manufactured LCD screens ("LG Version") and those that include Samsung-manufactured LCD screens ("Samsung Version"), however, is critical. The Samsung version is far superior to the LG Version, as detailed below. Thus, consumers who end up receiving an LG version are being cheated.

### *The LG Version's Inferior Performance*

26. Roughly two months after Apple brought the rMBP to market, numerous sources reported that consumers who received the LG Version screens began experiencing "image retention" and "burn-in" issues with their computer displays.

27. Image retention occurs when a group of pixels, operating at a high level of brightness, build up a static charge that create a "ghost" or "shadow" image on a computer screen. The effect is only temporary, as the image slowly fades away after the charge build-up dissipates.

28. Image retention usually occurs when the computer is left on a static image for a prolonged period. Nevertheless, consumers who experience image-retention on the LG Version frequently report instances of image-retention that occurred after just a few minutes.

29. Screen burn-in is similar to image retention, but far more serious — the shadow image is permanently "burned in" to the screen.

-7-

30. Although reports of screen burn-in and image retention flooded in from across the country, consumers that had purchased the Samsung Version were unaffected. Every article, blog, and commentator on this issue reports that only the LG Version was susceptible to this problem:

> If a 56-page discussion thread on the Apple Support forums is any indication, there appears to be a problem with some MacBook Pros with Retina displays. The Retina displays with the issues show image retention and burn-in; others do not.

> TUAW reader Joe K. sent us a note about the issue, which appears to be happening to MBPs with displays manufactured by LG; other displays made by Samsung don't have the problem with image retention and burn-in . . . . [9]
>
> *     *     *

> Reports are coming in that users of Apple's brand-spanking new MacBook Pro with Retina Display are suffering from burn-in markings on their super-high definition screens and image retention. The problem seems to affect MacBook Pros sporting Retina Display's built by LG, rather than those manufactured by Samsung . . . ."[10]
>
> *     *     *

> Apple sources its rMBP panels from both LG and Samsung, but the affected users almost all have LG panels. . . . One reader, who contacted us directly, reports that he's gone through three rMBP's, all with LG panels, and all with the same defect . . . . [11]
>
> *     *     *

> Image retention and burn-in issues are widely reported with the new Retina displays of MacBook Pro. Generally, it seems happening with displays manufactured by LG.[12]
>
> *     *     *

> Back in late June, we reported that some early purchasers of Apple's Retina MacBook Pro were experiencing image persistence

---

[9] Steven Sande, *Are Retina MacBooks displaying screen issues?* TUAW, August 14, 2012, http://www.tuaw.com/2012/08/14/are-retina-macbooks-displaying-screen-issues/.

[10] Gerald Lynch, *MacBook Pro with Retina Display users suffering from screen burn-in*, Tech Digest, August 15, 2012, http://www.techdigest.tv/2012/08/macbook_pro_wit_1.html.

[11] Joel Hruska, *Apple's new Retina Display dogged by image retention, increasingly unhappy users*, EXTREME TECH, August 24, 2012, http://www.extremetech.com/computing/134985-apples-new-retina-display-dogged-by-image-retention-increasingly-unhappy-users

[12] *How to Know the Make of Your Retina Display: Samsung or LG?* http://strdoc.com/doc/how-know-make-your-retina-display-samsung-or-lg (August 27, 2012, 13:34 UTC+ 3).

or "ghosting" issues in which remnants of previously-displayed windows remain visible on the screen for some time afterward . . . . [T]here months later users are still complaining about the issue. Extensive threads in the Macromeres forums and at Apple Support Communities have been tracking the issue, which preferentially affects displays manufactured by LG. Displays manufactured by Samsung do not generally appear to be suffering from the problem.

Several of the affected users report being on their third or fourth machine and still receiving units that are affected by the issue.[13]

31. In addition to being free of the systematic flaws exhibited by the LG Version, the Samsung Version outperforms the LG Version in all other aspects as well. Numerous technology pundits state, for example, that the Samsung Version is "brighter, and seem[s] to display colors with more accuracy."[14]

32. At bottom, the LG Version is an inferior product. Nevertheless, Apple sells both the LG Version and the Samsung Version at the same price point, and *conceals* that there is a significant difference in quality between the two versions.

***Apple's Knowledge of the Problem***

33. On information and belief, Apple is fully aware of the Samsung Version's superior performance to the LG Version.

34. As the manufacturer of this product, Apple spent considerable time testing both the LG Version and Samsung Version during research and development. Because the LG Version is widely reported as exhibiting image retention within an extremely short period, Apple, on information and belief, was aware of this problem before bringing the product to market.

35. Given the ease with which an rMBP can be tested for image retention, on information and belief, Apple knew that the LG Version exhibited a far higher susceptibility to

---

[13]Eric Slivka, *Retina MacBook Pro Users Still Complaining of Image Persistence*, http://www.macrumors.com/2012/09/17/retina-macbook-pro-users-still-complaining-of-image-persistence/ (last visited February 7, 2013).

[14] Sande, *supra* n.9; *see* Lynch, *supra* n.10 (reporting that the LG Version is "less bright and with inaccurate colour reproduction").

1  this problem before offering the product for sale.

2      36.    In all events, after the rMBP was brought to market, the immediate flood of

3  reports describing the LG Version as highly susceptible to burn-in and image retention alerted

4  Apple to the disparity in quality between the LG Version and the Samsung Version.

5      37.    Making matters worse, Apple has *publicly denied* that the LG Version is any more

6  susceptible to image retention than the Samsung Version – despite all reports to the contrary.

7  ***Apple's Misrepresentations***

8      38.    The performance disparity between the LG Version and Samsung Version is

9  particularly troubling given that Apple represents the rMBP as a single, unitary product,

10  described as the highest quality notebook display on the market.    None of Apple's

11  advertisements or representations discloses that it produces rMBPs with display screens that

12  exhibit different levels of performance and quality.

13      39.    This is information that consumers would want to know *before* purchasing an

14  rMBP, given especially that consumers are paying close to $2,000 for a computer whose main

15  selling point is its display.[15]

16      40.    If given the choice, *no* consumer would willingly purchase a computer with a high

17  susceptibility to image retention and screen burn-in when she could receive one that lacks this

18  susceptibility, and delivers superior performance, ***at the exact same price***.

19      41.    That is precisely why numerous irate consumers have created a Facebook page

20  imploring Apple to recall the LG Version, given its demonstrable inferiority to the Samsung

21  Version.[16]

22      42.    Indeed, as reports of the LG Version's subpar performance spread, consumers

23  also created an online petition demanding that Apple use the same quality LCD screens in *all* of

24

25

26  [15] http://store.apple.com/us/browse/home/shop_mac/family/macbook_pro (last visited February 7, 2013).

27  [16]http://www.facebook.com/pages/Apple-Please-Recall-Retina-Macbook-Pros-with-LG-Displays/515441551804955 (last visited February 7, 2013).

28

1    its computers.[17] As this petition declares:

2         About 50% of the time, you will be shocked to find out your
          display is nowhere as nice as the one at the store. In the worst case,
3         you will find that your computer has a washed out hazy display or
          image retention. This situation is very unfair to consumers and
4         Apple in no way warns it's consumers that they may end up with
5         any one of the three different LCDs.[18]

6    43.  Thousands of postings on other forums express similar outrage over the disparity

7    in performance between the LG Version and the Samsung Version. As one commenter explains:

8
          What disturbs me is that Apple is giving many purchasers of the
9         rmbp the short end of the stick by providing the lg display that has
          a frequent incidence of IR, whereas the Samsung display doesn't.
10
11        Yes, I understand apple's need to supply their product, but that is
          no excuse for providing a product with a broad variance of quality
12        in display components, especially when the display is the main
          feature. I would've preferred that they sold the rMBP much later,
13        but having already fleshed out any issues with their displays. It
          could be that Apple didn't anticipate this issue, but that is NO
14        EXCUSE for them to remain quiet on this matter and hope that
15        people make no big fuss about it.

16        I also understand that IR is an issue inherent in IPS display
          technology; however, that is not the point. The point is that Apple
17        is capable of selling you a rMBP with a very low incidence of IR
          (if any) by equipping it with a Samsung display. And, for the price
18        that Apple is asking for this product, everyone should be getting a
19        product whose quality merits such a price. This is clearly not the
          case.
20
          Furthermore, if Apple knows that image retention is something
21        typical of IPS display technology, then they should at least have
          the courtesy to indicate this somewhere in the fine print for their
22        product information. This would allow people to make a more
23        informed decision before buying such an expensive product.[19]

24
25   [17]http://www.change.org/petitions/apple-computer-use-the-same-quality-lcd-in-all-their-computers    (last
     visited February 7, 2013).

26   [18] *Id.*

27   [19] https://discussions.apple.com/thread/4034848?start=3060&tstart=0 (last visited February 7, 2012)
     (emphasis removed from original).

28
     CLASS ACTION COMPLAINT
                                              -11-

44.     As the manufacturer, Apple *could* have allowed consumers to make an informed choice by disclosing this information – it simply chose not to. To this day, Apple still conceals this information, even as it continues to sell rMBPs to consumers throughout the United States and abroad.

45.     Even those consumers who discovered this information on their own are unable to find out whether they will receive the Samsung Version or the LG Version before making their purchase. Instead, they can only find out what model they received by inputting a certain key sequence *after* purchasing the product and turning on the machine.

46.     And those consumers who discover that they have received the inferior LG Version and seek to exchange the machine *still* have no assurance that they will receive the superior Samsung Version as a replacement. Instead, they can only keep their fingers crossed as they prepare to play the "rMBP lottery" once more, exchanging their computers time and again until they finally receive what they paid for and what they thought they were purchasing in the first place — "the world's most advanced notebook display."

## V.     CLASS ACTION ALLEGATIONS

47.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals who purchased and received an LG Version rMBP
> (the "Class").

Excluded from the Class are Apple and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his/her immediate family. Plaintiff reserves the right to revise the Class definition based upon information learned through discovery.

48.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

49. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all members of the Class is impracticable. On information and belief, there are thousands of consumers who have been damaged by Apple's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Apple' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

50. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

(a) Whether Apple sold rMBPs without disclosing that consumers could receive either the LG Version or the Samsung version.

(b) Whether Apple used any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact in the conduct of its business by selling two different versions of the rMBP.

(c) Whether Plaintiff and the other Class members are entitled to relief, and the nature of such relief.

51. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the claims of the other Class members because, among other things, all Class members were comparably injured through the uniform misconduct described above.

52. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute

1 this action vigorously. Class members' interests will be fairly and adequately protected by
2 Plaintiff and his counsel.

3     53.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**
4 Apple has acted or refused to act on grounds generally applicable to Plaintiff and the other Class
5 members, thereby making appropriate final injunctive and declaratory relief, as described below.

6     54.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is
7 superior to any other available means for the fair and efficient adjudication of this controversy,
8 and no unusual difficulties are likely to be encountered in the management of this class action.
9 The damages or other financial detriment suffered by Plaintiff and the other Class members are
10 relatively small compared to the burden and expense that would be required to individually
11 litigate their claims against Apple, so it would be impracticable for Class members to
12 individually seek redress for Apple's wrongful conduct. Even if Class members could afford
13 individual litigation, the court system could not. Individualized litigation creates a potential for
14 inconsistent or contradictory judgments, and increases the delay and expense to all parties and
15 the court system. By contrast, the class action device presents far fewer management difficulties,
16 and provides the benefits of single adjudication, economy of scale, and comprehensive
17 supervision by a single court.

18                                    **VI.**     **CLAIMS ALLEGED**

19                                        **COUNT I**
20              **Violation of the California Consumer Legal Remedies Act**

21     55.     Plaintiff incorporates paragraphs 1-54 as if fully set forth herein

22     56.     Plaintiff and the other members of the Class were deceived by Apple's failure to
23 disclose that the LG Version:

24           •       Delivered inferior brightness levels and color accuracy than the Samsung
                Version.
25
26           •       Was highly susceptible to image retention and screen burn-in; and

27           •       Did not, in fact, possess the world's highest resolution notebook display.

28

CLASS ACTION COMPLAINT

-14-

57. Apple intended for Plaintiff and the other members of the Class to rely on it to provide:

- rMBPs with brightness levels and color accuracy of the same quality as all other RBMPs sold at the same price;

- rMBPs with no greater susceptibility to image retention and screen burn-in than other RBMPs sold at the same prices; and

- rMBPs that featured the world's highest resolution notebook display.

58. Apple instead provided Plaintiff and the other Class members with the LG Version, rather than the significantly superior Samsung Version.

59. Apple's fraudulent and deceptive omissions were intended to induce Plaintiff and the other Class members' reliance on Apple's representations that all rMBPs possessed uniform quality and characteristics.

60. Apple's conduct consists unfair acts or practices as defined by the California Consumer Legal Remedies Act (the "CLRA"), by:

- Representing that the LG Version has characteristics and benefits which it does not have;

- Representing that the LG Version is of a particular standard and quality, when it is of another;

- Advertising the RBMP with intent not to sell it as advertised; and

- Representing that the LG Version has been supplied in accordance with a previous representation when it has not.

Cal. Civ. Code §1770(a)(5), (7), (9), (16).

61. Plaintiff and the other Class members have suffered injury in fact and actual damages resulting from Apple's material omissions and misrepresentations because they paid an inflated purchase price for the LG Version, which was sold at the same price point as the superior Samsung Version. However, Plaintiff and the other Class members reserve any claim for damages under the CLRA and by this Complaint bring only an action for injunctive relief under the CLRA pursuant to §1782(d) of the Act.

1    62.    Plaintiff's and the other Class members' injuries were proximately caused by

2    Apple's fraudulent and deceptive business practices.  However, Plaintiff and the other Class

3    members reserve any claim for damages under the CLRA and by this Complaint bring only an

4    action for injunctive relief under the CLRA pursuant to §1782(d) of the Act.

5    63.    Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court

6    order enjoining the above-described wrongful acts and practices of Apple.  Plaintiff and the other

7    Class members reserve any claim for restitution, disgorgement, or damages under the CLRA

8    pursuant to §1782(d) of the Act.

9    64.    Pursuant to §1782 of the Act, by letter dated March 11, 2013, Plaintiff notified

10   Apple in writing by certified mail of the particular violations of §1770 of the Act and demanded

11   that Apple rectify the problems associated with the actions detailed above and give notice to all

12   affected consumers of Apple's intent to so act.  A copy of the letter is attached hereto as Exhibit

13   A.

14   65.    If Apple fails to rectify or agree to rectify the problems associated with the actions

15   detailed above and give notice to all affected consumers within 30 days of the date of written

16   notice pursuant to §1782 of the Act, Plaintiff will amend this complaint to add claims for actual,

17   punitive and statutory damages, restitution, and disgorgement under the CLARA as appropriate,

18   under the California Civil Code § 1780, pursuant to California Civil Code §1782(d). ("Not less

19   than 30 days after the commencement of an action for injunctive relief, and after compliance

20   with subdivision (a), the consumer may amend his or her complaint without leave of court to

21   include a request for damages.").

22   66.    Apple's conduct is fraudulent, wanton and malicious.

23   67.    Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the affidavit

24   showing that this action has been commenced in the proper forum.

25
### COUNT II
**Violation of the California Unfair Competition Law**

26

27   68.    Plaintiff incorporates paragraphs 1-54 as if fully set forth herein.

28

69.     As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Apple's conduct because he purchased the LG Version.

70.     Plaintiff and the other members of the Class were deceived by Apple's failure to disclose that the LG Version:

- Delivered inferior brightness levels and color accuracy than the Samsung Version.

- Was highly susceptible to image retention and screen burn-in; and

- Did not, in fact, possess the world's highest resolution notebook display.

71.     Apple intended for Plaintiff and the other members of the Class to rely on it to provide:

- rMBPs with brightness levels and color accuracy of the same quality as all other RBMPs sold at the same price;

- rMBPs with no greater susceptibility to image retention and screen burn-in than other rBMPs sold at the same prices; and

- rMBPs that featured the world's highest resolution notebook display.

72.     Apple instead provided Plaintiff and the other Class members with the LG Version, rather than the superior Samsung Version.

73.     Apple's fraudulent and deceptive omissions were intended to induce Plaintiff and the other Class members' reliance on Apple's representations that all rMBPs possessed uniform qualities and characteristics.

74.     The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL"), prohibits any "unlawful," "unfair," or "fraudulent" business act or practice and any false or misleading advertising. In the course of conducting business, Defendants committed unlawful business practices by making the representations (which also constitutes advertising within the meaning of § 17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§ 1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§ 17200, *et seq.*, 17500, *et seq.*, and the common law.

75.     Plaintiff, individually and on behalf of the other Class members, reserves the right

1  to allege other violations of law, which constitute other unlawful business acts or practices. Such
2  conduct is ongoing and continues to this date.

3  76.     Apple's actions also constitute "unfair" business acts or practices because, as
4  alleged above, Apple misrepresented and omitted material facts regarding the LG Version, and
5  thereby offended an established public policy, and engaged in immoral, unethical, oppressive,
6  and unscrupulous activities that are substantially injurious to consumers.

7  77.     As detailed in this Complaint, Plaintiff alleges violation of consumer protection
8  and unfair competition laws, resulting in harm to consumers. Apple's acts and omissions also
9  violate and offend the public policy against engaging in unfair competition and deceptive
10 conduct towards consumers. This conduct constitutes violations of the unfair prong of Business
11 and Professions Code § 17200, *et seq.*

12 78.     There were reasonably available alternatives to further Apple's legitimate
13 business interests, other than the conduct described herein.

14 79.     Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent
15 business act or practice."

16 80.     Apple's actions, claims, nondisclosures, and misleading statements, as more fully
17 set forth above, were also false, misleading and/or likely to deceive the consuming public within
18 the meaning of Business & Professions Code §17200, *et seq.*

19 81.     Plaintiff and the other members of the Class have in fact been deceived as a result
20 of their reliance on Apple's material representations and omissions, which are described above.
21 This reliance has caused harm to Plaintiff and the other members of the Class who each
22 purchased the LG Version. Plaintiff and the other Class members have suffered injury in fact and
23 lost money as a result of these unlawful, unfair, and fraudulent practices.

24 82.     As a result of its deception, Apple has been able to reap unjust revenue and profit.

25 83.     Unless restrained and enjoined, Apple will continue to engage in the above-
26 described conduct. Accordingly, injunctive relief is appropriate.

27 84.     Plaintiff, on behalf of himself, all others similarly situated, and the general public,

28

CLASS ACTION COMPLAINT

-18-

1  seeks restitution and disgorgement of all money obtained from Plaintiff and the other members
2  of the Class collected as a result of unfair competition, an injunction prohibiting Apple from
3  continuing such practices, corrective advertising and all other relief this Court deems
4  appropriate, consistent with Business & Professions Code §17203.

## VII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the other members of the Class, respectfully requests the following relief:

(a)  that the Court determine that this action may be maintained as a class action, certify Plaintiff to serve as representative of the Class, and appoint Plaintiff's undersigned counsel as Class Counsel;

(b)  that Apple's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection and deceptive trade practice statutes asserted and that the Court issue an order enjoining the methods, acts or practices adjudged and decreed unlawful;

(c)  that the Court make such order or judgments as necessary to restore to Plaintiff and the other members of the Class any money that has been acquired by Defendant by means of unlawful competition, including, but not limited to, any order or judgment of restitution or disgorgement, or any other equitable remedy;

(d)  that Plaintiff and each of the other members of the Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

(e)  that Plaintiff and each of the other members of the Class be granted such other and further relief as the nature of the case may require or as this Court deems just and proper.

## VIII.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

CLASS ACTION COMPLAINT

-19-

1  Dated: March 11, 2013                    Respectfully submitted,

2                                            BEAU HODGES, individually and on behalf of all
                                             others similarly situated,
3

4

5
                                             By: _____
6                                               Adam J. Levitt*
7                                               alevitt@gelaw.com
                                                Edmund S. Aronowitz*
8                                               earonowitzt@gelaw.com
                                                **GRANT & EISENHOFER P.A.**
9                                               30 North LaSalle Street, Suite 1200
                                                Chicago, Illinois 60602
10                                              Tel: 312-214-0000
                                                Fax: 312-214-0001
11

12                                              Joseph J. Siprut*
                                                jsiprut@siprut.com
13                                              Aleksandra M.S. Vold*
                                                avold@siprut.com
14                                              Gregg M. Barbakoff*
                                                gbarbakoff@siprut.com
15                                              **SIPRUT** PC
16                                              17 North State Street, Suite 1600
                                                Chicago, Illinois 60602
17                                              Tel: 312-236-0000
                                                Fax: 312-948-9212
18

19                                              Todd C. Atkins
                                                tatkins@siprut.com
20                                              **SIPRUT** PC
21                                              701 B Street, Suite 1170
                                                San Diego, California 92101
22                                              Tel: 619-255-2380

23                                              *Counsel for Plaintiff,* **on behalf of himself
                                                and all others similarly situated**
24

25

26  * *Pro Hac Vice* application to be submitted

27

28
    CLASS ACTION COMPLAINT
                                          -20-

# EXHIBIT A



## Grant & Eisenhofer

| 123 Justison Street<br>Wilmington, Delaware 19801<br>Tel: 302-622-7000 · Fax: 302-622-7100 | www.gelaw.com<br><br>Direct Dial: (312) 214-0000<br>alevitt@gelaw.com | 1920 L Street, N.W., Suite 400<br>Washington, District of Columbia 20036<br>Tel: 202-783-6091· Fax: 202-350-5908 |
|---|---|---|
| 485 Lexington Avenue<br>New York, New York 10017<br>Tel: 646-722-8500 · Fax: 646-722-8501 | | 30 N. LaSalle Street, Suite 1200<br>Chicago, Illinois 60602<br>Tel: 312-214-0000· Fax: 312-214-0001 |

March 11, 2013

**VIA CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**

Bruce Sewell, Esq.
Senior Vice President and General Counsel
Apple Inc.
1 Infinite Loop
Cupertino, California 95014

Re:    *Hodges v. Apple Inc.*

Dear Mr. Sewell:

      Our law firm represents Beau Hodges ("Hodges" or "Plaintiff") and all others similarly situated (the "Class") in an action against Apple Inc. ("Apple") arising out of alleged misrepresentations, breaches of contract, and violations of consumer protection statues with regard to Apple's MacBook Pro with Retina display ("rMBP") line of personal computers.

      Mr. Hodges and the other members of the proposed Class purchased rMBP computers, unaware that Apple installs two different types of screens in its rMBP computers – one of which is substantially inferior to the other. At the time of purchase, however, consumers have no way of knowing which type of screen is installed in their rMBP. Some rMBP computers are equipped with a screen manufactured by Samsung ("the Samsung Version"), while others are equipped with an inferior screen manufactured by LG ("the LG Version"). The full claims, including the facts and circumstances surrounding these claims, are detailed in the enclosed Class Action Complaint for injunctive and equitable relief ("Complaint"). We intend to amend the Complaint to assert claims for damages without leave of court under the California Consumer Legal Remedies Act pursuant to Cal. Civ. Code § 1782(d) within 30 days unless Apple takes corrective actions, as detailed below, and tenders a reasonable offer of settlement of Mr. Hodges' and the other Class members' claims.

Apple's omissions and misrepresentations to consumers about its rMBP computers were misleading, constitute unfair methods of competition, and unlawful, unfair, and fraudulent acts or practices undertaken with the intent to induce the consuming public to purchase those machines. Apple's misrepresentations about its rMBP computers do not assist consumers; they only mislead them.

Apple's omissions and misrepresentations violate California Civil Code § 1770(a) under, among other things, the following subdivisions:

(5)   Representing that the [LG Version has] characteristics . . . and benefits which [it does] not have.

\* \* \*

(7)   Representing that [the LG Version is] of a particular standard, quality or grade, . . . if [it is] of another.

\* \* \*

(9)   Advertising goods . . . with the intent not to sell them as advertised.

\* \* \*

(16)  Representing that [the LG Version] has been supplied in accordance with a previous representation when [it has] not.

California Civil Code § 1770(a)(5)-(16).

Apple's omissions and misrepresentations also constitute violations of California Business and Professions Code § 17200, *et seq*. Furthermore, Apple's actions constitute breaches of the duties of good faith and fair dealing and breach of contract that arose out of the purchase contracts between Apple and members of the proposed Class.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of Mr. Hodges and all others similarly situated, that Apple immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing the dissemination of the false and misleading information as described in the enclosed Complaint. In addition, Apple must offer appropriate refunds to all consumers who purchased the LG Version rMBP, plus interest, costs, and reasonable attorneys' fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint to include claims for Plaintiff's and the other Class members' actual and punitive damages (as may be appropriate as permitted by California Civil Code § 1782) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted theories of unlawful business acts, as well as claims asserted under the Consumers Legal Remedies Act.

Bruce Sewell, Esq.
March 11, 2013
Page 3

We further intend to amend the Complaint to assert a claim for Plaintiff's and the other Class members' damages arising from Apple's breach of contract and breach of the covenant of good faith and fair dealing. This letter constitutes statutory notice pursuant to California Uniform Commercial Code § 2607(3)(A) of Apple's breach of contract (including, but not limited to Apple's contractual obligation of good faith and fair dealing) formed each time Plaintiff and the other Class members purchased the LG Version rMBP computers from Apple. Apple breached its contracts with those Class members by providing them with the LG Version, rather than the superior Samsung Version, of the rMBP.

Apple must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1.   Identify or make a reasonable attempt to identify purchasers of the LG Version of its rMBP computers;

2.   Notify all such purchasers so identified that upon their request, Apple will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for such products, plus interest, costs, and reasonable attorneys'' fees;

3.   Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all of the LG Version rMBP computer purchasers who so request; and

4.   Cease from expressly or impliedly representing to consumers that the LG Version is of similar quality to the Samsung Version, as more fully described in the enclosed Complaint.

We await your response.

Sincerely,

Adam J. Levitt

Enclosure

cc:    Counsel for Plaintiffs (by .pdf email w/o enclosure)

# EXHIBIT B

Adam J. Levitt*
*alevitt@gelaw.com*
Edmund S. Aronowitz*
earonowitz@gelaw.com
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Tel: 312-214-0000
Fax: 312-214-0001

Joseph J. Siprut*
*jsiprut@siprut.com*
Aleksandra M.S. Vold*
*avold@siprut.com*
Gregg M. Barbakoff*
*gbarbakoff@siprut.com*
**SIPRUT PC**
17 North State Street, Suite 1600
Chicago, Illinois 60602
Tel: 312-236-0000
Fax: 312-948-9212

Todd C. Atkins
*tatkins@siprut.com*
**SIPRUT PC**
701 B Street, Suite 1170
San Diego, California 92101
Tel: 619-255-2380

* *Pro Hac Vice* application to be submitted

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEAU HODGES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Case No.<br><br>**DECLARATION OF BEAU HODGES PURSUANT TO CALIFORNIAL CIVIL CODE SECTION 1780(D)** |

I, Beau Hodges, declare:

1.     I am a Plaintiff in this action.  The following is based upon my personal knowledge and if called upon as a witness to testify in this matter, I could and would testify competently thereto.

2.     I make this Declaration pursuant to California Civil Code section 1780(d) so as to state facts showing that this action has been commenced in the proper county.

3.     Based upon information provided to me by my counsel, Adam J. Levitt, it is my belief that Defendant Apple, Inc., has its principal place of business at 1 Infinite Loop, Cupertino, California, in Santa Clara County, California, a county within the Northern District of California.     The     information     provided     to     me     is     from     Apple's     website,     at http://www.apple.com/contact/, wherein is listed Apple's Santa Clara County corporate address.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 11, 2013.

Beau Hodges
Beau Hodges