UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEAU HODGES,

    Plaintiff,

    v.

APPLE INC.,

    Defendant.

Case No. 13-cv-01128-WHO   (WHO)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 54

## BACKGROUND

On November 11, 2013, plaintiff Beau Hodges moved to file under seal (1) portions of Plaintiff's Response in Opposition to Defendant Apple Inc.'s Motion to Dismiss and/or to Strike Second Amended Complaint ("Response"); (2) portions of the Declaration of Adam J. Levitt in Support of Plaintiff's Response in Opposition to Defendant Apple Inc.'s Motion to Dismiss and/or to Strike Second Amended Complaint ("Levitt Declaration"); and (3) exhibits to the Levitt Declaration. Dkt. No. 54 at 2. The plaintiff moves to file those documents under seal because they contain information designated as "confidential" by defendant Apple Inc.[1]

Under Civil Local Rule 79-5(e)(1), if the movant seeks to file under seal materials designated as confidential by another party, the designating party must submit a declaration establishing that the information sought to be filed under seal is sealable. Apple therefore submitted the Declaration of Scott B. Murray on Behalf of Apple Inc. in Support of Plaintiff's Administrative Motion to File Portions of Plaintiff's Response Under Seal Pursuant to Local Rule 79-5(B)-(D) ("Murray Declaration"). Dkt. No. 58.

---

[1] This case does not have a protective order in place yet.

For the reasons below, the motion is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

A motion to dismiss is a dispositive motion. In the Ninth Circuit, a party seeking to seal judicial records related to a dispositive matter can only overcome the "strong presumption" of public access to judicial records by demonstrating "sufficiently compelling reasons" that override the public policies favoring disclosure. *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The party must "articulate compelling reasons supported by specific factual findings," providing "articulable facts" that identify the interests favoring secrecy and showing how those interests outweigh the presumption of public access to judicial records. *Kamakana*, 447 F.3d at 1178, 1181 (brackets omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

## DISCUSSION

**I.     Response and Levitt Declaration**

Under the Court's Local Rules, where a party fails to support sealing with the required declaration, the motion to file under seal should be denied. *See Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. 12-cv-3856-PJH, 2013 WL 897914, at *2-*3 (N.D. Cal. Mar. 8, 2013). The Murray Declaration does not even address the Response or Levitt Declaration, let alone explain why the proposed redactions therein should be allowed. In addition, based on the Court's initial review of the portions sought to be sealed, without the benefit of an explanation, it appears that some of the proposed redactions cover information that may not be sealable, thus violating Civil Local Rule 79-5(b)'s requirement that any sealing request must be "narrowly tailored to seek sealing only of sealable material." Because Apple has not complied with Civil Local Rule 79-

5(e)(1) with regard to these documents, the motion to file under seal portions of the Response and Levitt Declaration is DENIED.

## II.     Levitt Declaration Exhibits 1 and 2

The Murray Declaration states that portions of Exhibits 1 and 2 of the Levitt Declaration "discuss proprietary business, engineering, and design information" and "reflects Apple's internal business discussions and dealings with one of Apple's third-party suppliers and could be used by Apple's competitors (or by Apple's third-party suppliers generally) to Apple's disadvantage." Murray Decl. ¶ 3.  But Apple has not explained why that is the case.  An unsupported assertion of "unfair advantage" to competitors without explaining "how a competitor would use th[e] information to obtain an unfair advantage" is insufficient.  *Dunbar v. Google, Inc.*, No. 12-cv-003305-LHK, 2012 WL 6202719, at *4-*5 (N.D. Cal. Dec. 12, 2012).  Here, Apple has "failed to state what harm [it] would experience if this material were publicly disclosed or to provide any specific reasons, supported by facts, that could outweigh the public policy favoring public access to court filings." *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. 12-cv-1971-CW, 2013 WL 4049686, at *1 (N.D. Cal. Aug. 8, 2013).  In addition, it appears from the Court's initial review of the portions sought to be sealed that some of the proposed redactions cover information that may not be sealable, thus violating Civil Local Rule 79-5(b)'s requirement that any sealing request must be "narrowly tailored to seek sealing only of sealable material."  Because the Murray Declaration does not provide "articulable facts" showing why the information sought to be redacted should be sealed, Apple did not meet the compelling-reasons standard and the motion to file under seal portions of Exhibits 1 and 2 of the Levitt Declaration is DENIED.

## III.    Levitt Declaration Exhibit 3

The motion to file under seal the entirety of Exhibit 3 of the Levitt Declaration is also DENIED.  The Murray Declaration suffers the same deficiency as above because its justification for filing the exhibit under seal is nearly identical to its justification for filing Exhibits 1 and 2 under seal.  In other words, it fails to "articulate compelling reasons supported by specific factual findings" to warrant sealing.  *Kamakana*, 447 F.3d at 1178 (brackets omitted).

The Court's review of Exhibit 3 shows that certain portions may well warrant sealing.  But

3

a number of the exhibit's pages contain information that is likely not sealable. For example, several of the pages appear to contain screenshots of information publicly available on Apple's computers. A document containing both sealable and non-sealable material must carefully redact only the sealable material. Attempting to file under seal the entirety of Exhibit 3 violates Civil Local Rule 79-5(b), and since the Court was not provided with an appropriately redacted document and a sufficiently detailed declaration in support of sealing it, the document cannot be filed under seal.

### IV.     Levitt Declaration Exhibit 4

The motion to file under seal the entirety of Exhibit 4 of the Levitt Declaration is GRANTED. The Murray Declaration, while bare, sufficiently explains that the information "would be extremely useful to competitors as they design pricing and marketing strategies because it would enable them to assess Apple's ability to respond to their initiatives." Murray Decl. ¶ 5. Given the nature of Exhibit 4—a spreadsheet that contains financial information—the Court is persuaded that there are compelling reasons to file it under seal.

### CONCLUSION

The motion to file under seal the Response, Levitt Declaration, and Exhibits 1 through 3 is DENIED WITHOUT PREJUDICE. The motion to file under seal Exhibit 4 is GRANTED.

The parties shall meet and confer and file a revised motion to seal with accompanying documents, including a declaration from Apple justifying any redacted material, on or before November 25, 2013. Any supporting declaration must state with particularity the compelling reasons for sealing the materials, including the interests served by shielding the materials from disclosure and how harm may occur if the materials become public. Documents must be carefully redacted to ensure that only the sealable portions of those documents are redacted to comply with the "strong presumption of access to judicial records." *Kamakana*, 447 F.3d at 1179. Counsel are reminded to adhere to the Court's *current* rules, which were recently revised, including Civil Local Rule 79-5(d)(1)(D), which requires submitting an unredacted version of the materials sought to be sealed that "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."

1    In addition, the Court notes that counsel for plaintiff has included multiple massive
2 footnotes containing factual recitations and substantive legal arguments in its Response brief in
3 order to evade the page limit requirement in the Civil Local Rules. *See, e.g.*, Response 12 n.10, 22
4 n.19. Some of these footnotes, using single spacing and smaller fonts, consume more than half a
5 page.[2] *See* Response at 12, 16 and 22. Given that the Civil Local Rules only permit 28 double-
6 spaced lines in 12-point font in the body of papers filed with the Court, counsel did not comply
7 with the letter or spirit of the Civil Local Rules. Counsel is admonished not to attempt to evade
8 the Court's requirements in the future. If counsel requires more pages to write a brief, the Court's
9 Civil Local Rules provide a mechanism for facilitating this. *See* CIVIL L.R. 7-11. Rather than
10 delay the hearing further and require plaintiff to file a Response that complies with the Civil Local
11 Rules, however, Apple is granted an additional five pages for its Reply brief if it needs them.

12    Because of the need for the parties to re-file the motion to seal and because of the
13 noncompliant Response brief, Apple may file any Reply brief on or before November 27, 2013.
14 The hearing currently set for December 4, 2013, is CONTINUED until December 11, 2013.

15    **IT IS SO ORDERED.**

16 Dated: November 18, 2013



WILLIAM H. ORRICK
United States District Judge

---

[2] As Civil Local Rule 3-4(c)(2) states, all text in papers presented for filing, including footnotes, must be in 12-point font.