FILED

**NOT FOR PUBLICATION**

FEB 22 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEAU HODGES, on behalf of himself and all others similarly situated,<br><br>   Plaintiff-Appellant,<br><br>   v.<br><br>APPLE, INC.,<br><br>   Defendant-Appellee. | No. 14-15106<br><br>D.C. 3:13-cv-01128-WHO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, District Judge, Presiding

Submitted February 12, 2016[**]
San Francisco, California

Before: SILVERMAN and TALLMAN, Circuit Judges and LASNIK, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Beau Hodges appeals the district court's dismissal of a putative class action seeking state law remedies for allegedly deceptive practices in the sale of Apple's MacBook Pro with Retina display line of notebook computers. The district court found that Hodges's allegations could not support his consumer protection or breach of contract claims. Leave to amend was denied because there were no additional factual allegations that would cure the deficiencies. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

This Court reviews *de novo* a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In re Cutera Sec. Litig., 610 F.3d 1103, 1107 (9th Cir. 2010). The question for the Court is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint nevertheless fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Hodges alleges that, in June 2012, Apple began selling a new line of notebook computers that it called "MacBook Pro with Retina display" ("rMBP").

2

The displays for the rMBP computers were manufactured by either the Samsung Group or LG Electronics. The latter displays are subject to image quality issues such as image retention, burn-in, and color accuracy problems; the Samsung displays do not exhibit these problems. Apple was aware of the defects in the LG displays before the commercial launch of the rMBP line, but did not notify consumers. Nothing about Apple's naming conventions, model numbers, or ordering process alerted consumers to the fact that there were two hardware suppliers, one of which generated a display that was prone to problems, or allowed consumers to choose a Samsung version of the rMBP over an LG version.

Hodges purchased an rMBP from Apple's on-line store shortly after it became available. He relied upon Apple's statement that it was offering a "MacBook Pro with Retina display" with part number "MC975LL/A." Hodges's notebook began exhibiting image quality issues approximately one month after purchase, and he confirmed that the display on his rMBP was from LG Electronics. Rather than avail himself of the warranty on the product, Hodges filed this class action lawsuit, alleging affirmative misrepresentations and fraudulent omissions under the California Consumer Legal Remedies Act ("CLRA") and the Unfair Competition Law ("UCL") and asserting breach of contract and breach of the covenant of good faith and fair dealing claims.

3

As the district court correctly noted, Hodges failed to adequately allege an "actual misrepresentation" or "fraudulent omission" related to the rMBP. Daugherty v. Am. Honda Motor Co., 61 Cal. Rptr. 3d 118, 126 (Ct. App. 2006). The crux of Hodges's claim is that, by utilizing a single name, model number, and price for all rMBPs, Apple affirmatively represented that the entire line would be of consistent quality and that each rMBP would be materially identical to all of the others. No such representation was made, however. The name MacBook Pro with Retina display promises only that the computer will have characteristics specified by those words: it says nothing regarding the overall quality of the line or the comparative quality of each unit. Hodges has not asserted that the notebook computer he received was not a MacBook Pro with Retina display or that it was the wrong model number. Nor has he identified an express statement regarding the quality of the product, the uniformity of that quality throughout the product line, the manufacturers of component parts, or the existence or rate of defects.

Having failed to allege an untrue or deceptive statement, Hodges attempts to bolster his affirmative misrepresentation argument with resort to the law of trademark. Hodges argues that Apple's use of the trademarks "MacBook Pro" and "Retina" in the product name is an affirmative promise that all rMBPs would be of uniform quality to one another. We, like the district court below, find this

4

argument unconvincing. Hodges points to no authority supporting his novel theory
of trademark law. Apple's interest in protecting its trademarks and reputation by
ensuring that the goods and services it offers satisfy expected standards of quality
does not convert the trademark into an affirmative representation of either quality
or consistency. While a trademark may be a factual representation regarding the
source of the goods, it does not convey information, much less make an affirmative
representation, about manufacturing processes or standards. It is simply not the
type of "factual representation that a given standard is met" that could be
actionable under the CLRA or the UCL. See Consumer Advocates v. Echostar
Satellite Corp., 8 Cal. Rptr. 3d 22, 29-30 (Cal. App. 2003) (distinguishing non-
specific "boasts" and "all-but-meaningless superlatives" such as "crystal clear
digital" video and "CD quality" from actionable factual representations regarding
the number of channels available and the capacities of the on-screen program
guide).

To the extent Hodges's CLRA and UCL claims are based on an alleged
fraudulent omission, they also fail as a matter of law. The district court correctly
found that Hodges had not alleged any representation regarding component
manufacturers or quality or a failure to disclose a risk of physical injury or safety

concerns. <u>See</u> <u>Daugherty</u>, 51 Cal. Rptr. 3d at 126-27; <u>Wilson v. Hewlett-Packard Co.</u>, 668 F.3d 1136, 1141 (9th Cir. 2011).

In addition, because Hodges fails to allege that Apple engaged in any "unlawful, unfair, or fraudulent business act or practice," he also fails to state a claim for relief under any prong of the UCL. Cal. Bus. & Prof. Code § 17200.

Finally, Hodges's contract-based claims fail because there has been no breach. Hodges alleges that Apple offered to sell consumers a MacBook Pro with Retina display, and that is exactly what they received. <u>See</u> <u>Lopez v. Nissan N. Am.</u>, 135 Cal. Rptr. 3d 116, 136 (Ct. App. 2011). No promise was broken, nor were consumers, protected by Apple's one-year warranty, deprived of the benefit of their bargain. <u>See</u> <u>Careau & Co. v. Sec. Pac. Bus. Credit, Inc.</u>, 222 Cal. App. 3d 1371, 1393 (Ct. App. 1990).

**AFFIRMED.**